```
 1              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                     EASTERN DIVISION

 3   THOMAS KELLY,                    )  No. 24 C 5354
                                      )
 4                 Plaintiff,         )
                                      )
 5            vs.                     )
                                      )
 6   REYNALDO GUEVARA, et al.,        )
                                      )
 7                 Defendants.        )
     ------------------------------   )
 8   JOSE TINAJERO,                   )  No. 24 C 1598
                                      )
 9                 Plaintiff,         )
                                      )
10            vs.                     )
                                      )
11                                    )
     CITY OF CHICAGO, et al.,         )
12                                    )
                   Defendants.        )
13   ------------------------------   )
     JOHN MARTINEZ,                   )  No. 23 C 1741
14                                    )
                   Plaintiff,         )
15                                    )
              vs.                     )  Chicago, Illinois
16                                    )
     REYNALDO GUEVARA, et al.,        )
17                                    )  October 10th, 2024
                   Defendants.        )  11:05 a.m.
18
                  TRANSCRIPT OF PROCEEDINGS
19      BEFORE THE HON. SHEILA M. FINNEGAN, MAGISTRATE JUDGE

20   APPEARANCES:

21   For the Plaintiffs
     Kelly and Martinez:   MS. ANNIE D. PROSSNITZ
22                         Loevy & Loevy, 3rd Floor,
                           311 North Aberdeen Street,
23                         Chicago, Illinois  60607

24        Patrick J. Mullen, Official Court Reporter
             219 South Dearborn Street, Room 1412
25               Chicago, Illinois  60604
                       (312) 435-556
```

```
 1    APPEARANCES:   (Continued.)

 2    For Plaintiff
      Tinajero:              MR. JOEL A. FLAXMAN
 3                           Law Offices of Kenneth N. Flaxman,
                             200 South Michigan Avenue, Suite 201,
 4                           Chicago, Illinois  60604

 5    For Defendant
      Guevara:               MS. ANDREA F. FABIAN-CHECKAI
 6                           Borkan & Scahill, Ltd.,
                             20 South Clark Street, Suite 1700,
 7                           Chicago, Illinois  60603

 8    For Defendant
      City of Chicago:       MS. EILEEN E. ROSEN
 9                           Rock, Fusco & Connelly, LLC,
                             333 West Wacker Drive, 19th Floor,
10                           Chicago, Illinois  60606

11    For Defendants
      Mingey, Vergara,
12    Troche, Yanow, and
      Rogers:                MR. KYLE T. CHRISTIE
13                           The Sotos Law Firm, P.C.,
                             141 West Jackson Boulevard, Suite 1240A,
14                           Chicago, Illinois  60604

15    For Defendant
      Rubinstein:            MS. MICHELE J. BRAUN
16                           O'Connor & Battle, LLP,
                             111 West Jackson Boulevard, Suite 1700,
17                           Chicago, Illinois  60604

18    For the County
      Defendants:            MS. KELLI N. HUNTSMAN
19                           MR. DAVID A. ADELMAN
                             Cook County State's Attorney's Office,
20                           500 Richard J. Daley Center,
                             Chicago, Illinois  60602

21

22

23

24

25
```

```
 1      (Telephonic proceedings on the record.)

 2              THE CLERK:  23 CV 1741, Martinez versus Guevara, et

 3   al.; 24 CV 1598, Tinajero versus City of Chicago, et al.; and

 4   24 CV 5354, Kelly versus Guevara, et al., here for status.

 5              THE COURT:  Good morning, everyone.

 6              Could counsel for plaintiffs Martinez and Kelly

 7   please say your name?

 8              MS. PROSSNITZ:  Good morning, Your Honor.  This is

 9   Annie Prossnitz on behalf of plaintiff Martinez and plaintiff

10   Kelly.

11              THE COURT:  Thank you.

12              And counsel for plaintiff Tinajero?

13              MR. FLAXMAN:  Good morning.  Joel Flaxman.

14              THE COURT:  Good morning.

15              All right.  Counsel for the City of Chicago?

16              MS. ROSEN:  Good morning, Your Honor.  Eileen Rosen

17   on behalf of defendant City of Chicago.

18              THE COURT:  Good morning.

19              And counsel for defendant Guevara?

20              MS. CHECKAI:  Good morning.  Andrea Checkai on behalf

21   of defendant Guevara.

22              THE COURT:  Thank you.

23              Counsel for defendants Mingey, Vergara, Troche,

24   Yanow, and Rogers --

25              MR. CHRISTIE:  Good morning, Your Honor.
```

4

```
 1              THE COURT:  -- for the Estates of -- well, I don't
 2    know if I have to say those.  You know who it is.  Go ahead.
 3              MR. CHRISTIE:  Good morning, Your Honor.  Kyle
 4    Christie on behalf of defendants.
 5              THE COURT:  And counsel for defendant Rubinstein?
 6              MS. BRAUN:  Good morning, Your Honor.  Michele Braun
 7    on behalf of defendant Rubinstein.
 8              THE COURT:  All right.  I don't know that we have
 9    Cook County counsel on the line.  They're not required.  Let
10    me ask if anyone is here for Cook County.
11              MS. HUNTSMAN:  Judge, Assistant State's Attorney
12    Kelli Huntsman on behalf of Cook County.
13              THE COURT:  Thank you.
14              All right.  Let me -- did I miss anyone before I
15    start?
16              MR. ADELMAN:  Good morning, Your Honor.  Assistant
17    State's Attorney David Adelman on behalf of the Cook County
18    State's Attorney's office.  I'm not entirely sure if my
19    presence is necessary today, but in light of the motion to
20    compel that's pending and Your Honor's order about producing
21    notes tomorrow, I figured I'd be here in case Your Honor
22    needed me.
23              THE COURT:  All right.  Let me take that up first so
24    I don't have you stay unnecessarily.  I don't have anything to
25    take up on the motion.  As you can tell, it's been reviewed.
```

1  It's in process, and we'll get the in camera submission.  So

2  unless someone else has an issue they want to raise on that

3  motion, I'm going to release you, and hopefully I will just be

4  issuing an order with the ruling on the motion.

5          Anyone who wants to raise an issue on that pending

6  motion, go ahead and speak up now, but otherwise attorney

7  Adelman is released.

8    (No response.)

9          THE COURT:  Okay.  Thank you, Mr. Adelman.

10          MR. ADELMAN:  Thank you.

11          THE COURT:  All right.  Let me start with the -- from

12  the last hearing.  Is there any update from defendant

13  Rubinstein?  I know on my May -- sorry -- August 27th order I

14  directed him to review documents and privilege logs produced

15  by the state's attorney's office and have further

16  conferrals -- and maybe I should have kept Mr. Adelman on --

17  if it appeared that the felony review materials that he seeks

18  have not been produced or were not identified in the privilege

19  log.  Can I get an update on that issue?

20          MS. BRAUN:  Yes, Your Honor.  This is Michele Braun.

21  We did talk to the state's attorney's office with David

22  Adelman on that issue, and we're still working it out.  There

23  have been some ASA notes that have been produced.  As far as

24  whether or not they're a complete production, Mr. Adelman has

25  represented that that is all the state's attorney -- sorry --

1   that the state's attorney's office has at this point.

2           THE COURT:  All right.  What are your next steps then

3   in terms of what you're going to be doing?  Maybe you're done.

4   I mean, maybe he's checked and that's all they have.

5           MS. BRAUN:  Well, he's represented verbally.  We have

6   asked him to indicate that in writing.  As of yet, I have not

7   received that.

8           THE COURT:  All right.  I'm going to ask a question

9   at the next status because I want to make sure you -- that the

10  depositions can go forward.  I know your client wanted the

11  opportunity to see those notes.

12          All right.  Let me ask the next question, which is

13  not specific to Mr. Rubinstein.  I know there are a number of

14  subpoenas for records.  Some have issued, and that's good.

15  But some maybe have not issued, and that's a concern.  I want

16  to just get an update.

17          Based on the joint status report, defendants are

18  going to be issuing some subpoenas for medical and/or mental

19  health providers of Kelly and Tinajero.  What's the status on

20  those, if I can have one of the defense counsel respond?

21          MR. CHRISTIE:  Yes, Your Honor.  We're going to issue

22  the subpoenas for the mental health records once we receive --

23          THE COURT:  All right, counsel.  Let me have you

24  state your name on the record.

25          MR. FLAXMAN:  Oh, sure.  It's Kyle Christie on behalf

1  of the defendant officers.  We plan to issue those subpoenas

2  for the mental health and medical records once we receive the

3  final responses from plaintiff Tinajero, interrogatory

4  responses identifying the providers, and those will be issued

5  once we have that information.  We've issued a few medical and

6  mental health subpoenas for Martinez's records, so we're just

7  continuing forward on that end.

8          THE COURT:  I think based on the status report --

9  and, Mr. Flaxman, you can correct me -- I think those records

10  are going to be -- those providers are going to be identified

11  very soon.

12          MR. FLAXMAN:  I believe we already identified them --

13          THE COURT:  Okay.

14          MR. FLAXMAN:  -- but we can follow up if there's an

15  issue on that.

16          THE COURT:  All right.  Yes, really anytime for

17  medical records, I want to make sure those subpoenas get out.

18  Of course, sometimes there's motion practice.  So I'm going to

19  have counsel confer after the call, and if there are providers

20  who haven't been identified, then, you know, supplement with

21  those.  If defense counsel already has them, I want you to

22  issue the subpoenas.  Well, let's just say you'll issue the

23  subpoenas within a week of getting the names in hand.  Is

24  there any problem with that, Mr. Christie?

25          MR. CHRISTIE:  No, Your Honor.  Actually, I haven't

1   taken a look at Mr. Flaxman's most recent interrogatory

2   responses that he produced two or three days ago, so that

3   might have been where they're identified.  So we'll issue the

4   subpoenas within a week or earlier.

5          THE COURT:  Then I know the IDOC subpoenas are in

6   process.  You're waiting for the call logs, and then you're

7   going to confer with plaintiffs' counsel.  Are there other

8   subpoenas that haven't gone out?  I don't know if you're going

9   to be issuing on the defense side subpoenas to defense

10  counsel, for example, in the underlying criminal cases.  Does

11  someone know about that?

12         MR. CHRISTIE:  Yes, Your Honor.  This is Kyle

13  Christie again.  We have already issued our subpoenas to the

14  underlying defense counsel, and we've received, well,

15  responses, but nothing that's material.  They didn't have any

16  records available.

17         THE COURT:  Okay.

18         MR. CHRISTIE:  In regards to the other -- oh, sorry.

19  Go ahead.

20         THE COURT:  No.  Go ahead and finish.

21         MR. CHRISTIE:  In regards to any other subpoenas to

22  issue other than the ones that we just identified, I can't

23  think of any at this moment.

24         THE COURT:  All right.  So I'm just going to direct

25  you to -- I mean, that's really important because subpoenas

1    take time.  So go over your list.  If there are any subpoenas

2    that haven't issued that can be issued now, then I want you to

3    also do that.  I won't say seven days, but certainly in the

4    next, let's say, 30 days any subpoenas should issue.

5              MR. CHRISTIE:  Understood.

6              THE COURT:  Let's talk about oral discovery.  Is

7    there an update on Officer Woodall?  I know he was noticed for

8    October 10th per the joint status report, but it's unclear

9    who's going to be representing him.

10             MS. ROSEN:  Judge, the City of Chicago has attempted

11   to reach out to Mr. Woodall, and we (inaudible).  So we

12   informed plaintiffs' counsel of that.  My understanding is

13   they're trying to serve him with a subpoena, and my

14   understanding based on email communications this morning is

15   they do not have service yet.  If they don't get service,

16   we'll reach out again to see if he wants representation

17   (inaudible).

18             THE COURT:  Is there anything further from

19   plaintiffs' counsel on that witness?

20             MS. PROSSNITZ:  Yes, Your Honor.  Annie Prossnitz on

21   behalf of plaintiffs Martinez and Kelly.  We have held the

22   date of November 12th for his deposition, and we are working

23   on serving him this week.  So we should hopefully have proof

24   of service to the defendants shortly.

25             THE COURT:  Okay.  All right.  Are there any other

1    depositions that have been scheduled by any party?

2           MS. PROSSNITZ:  Yes, Your Honor.  We have scheduled

3    two of plaintiff Martinez's damages witnesses for November,

4    and defendants have provided dates for defendants' depositions

5    in December as well as dates that work for the third-party

6    witness.

7           THE COURT:  All right.  Anyone else want to address

8    that topic before I go to the next one?  If so, go ahead and

9    speak up.

10     (No response.)

11          THE COURT:  Okay.  All right.  I know I saw that just

12   the other day Tinajero filed, that plaintiff Tinajero filed a

13   motion to order Cook County to attend a settlement conference

14   to discuss resolution of plaintiff's claims against Cook

15   County and Jake Rubinstein.

16          Is there -- I don't think I've been contacted about

17   having a settlement conference between Cook County,

18   Rubinstein, and Martinez or Kelly.  Is there a motion?  Of

19   course, we don't really order people to attend settlement

20   conferences.

21          Can Cook County tell me whether I should have

22   briefing on this or what your position is on this motion?

23   It's noticed before Judge Alexakis, but it's really a

24   discovery motion, I think.

25          MS. HUNTSMAN:  Judge, at this time, Cook County does

1   not believe a settlement conference would be beneficial, and

2   we would not agree to one.  We are analyzing cases for

3   settlement in regards to the other defendants Martinez and

4   Kelly in this case.  Those settlement discussions are part of

5   a group settlement involving the same attorneys -- defense

6   attorneys in multiple other cases.  So I can say we are

7   analyzing the Tinajero case for settlement, but we do not

8   believe a settlement conference is necessary at this time.

9           THE COURT:  All right.  So what you're saying is you

10  might be discussing possible settlement or having settlement

11  discussions about Martinez and Kelly, but that's in

12  conjunction with some cases that the Loevy firm is also

13  handling?

14          MS. PROSSNITZ:  Correct.

15          THE COURT:  Okay.  All right.  Mr. Flaxman, anything

16  you want to say on this?  I mean, I really can't force people

17  to.  Of course, I would think Cook County would have every

18  interest if they are settling Martinez and Tinajero --

19  sorry -- and Kelly to settle Tinajero.  The parties can

20  certainly have those discussions, and I would not order a

21  settlement conference unless we have willing parties on both

22  sides.  But is there any more you want to say on your motion?

23          MR. FLAXMAN:  Yes.  Well, it's an unusual motion.  I

24  understand that's what the Court is saying.  I think it's an

25  unusual posture where there's a settlement with two

1    plaintiffs, and then a third in the exact same position can't

2    even get a conversation with the county.  So, you know, we're

3    not -- I think the motion makes it clear that the Court has

4    discretion to order Cook County to come and talk about

5    settlement.  Obviously we're not asking the Court to order

6    them to settle.

7          We filed it in front of Judge Alexakis because I

8    wasn't clear on what the scope of the Court's referral was in

9    terms of that, but we certainly think this is a unique case

10   where the Court needs to get involved to force Cook County to

11   take this seriously when they're treating these cases

12   differently without any explanation.

13         THE COURT:  Well, I did talk to Judge Alexakis about

14   this, and so she asked me to handle this today.  I am going to

15   urge the parties to have settlement discussions.  I'm not

16   going to order you to talk.  I mean, I could, but if you don't

17   really have interest for whatever reason in having a

18   settlement discussion now, my ordering them to do so is not

19   really going to be productive, a productive use of anyone's

20   time.

21         But I think you make a good point that given the kind

22   of focus on Martinez and Tinajero -- sorry I keep saying

23   that -- Martinez and Kelly because of these other Loevy cases,

24   it would make sense to talk about this one, too, given the

25   overlap.  So I'm urging the parties to do that, but I'm

1   denying the motion to order them to attend a settlement

2   conference.  All right.

3         MS. ROSEN:  Judge?

4         THE COURT:  Go ahead.

5         MS. ROSEN:  Judge, this is Eileen Rosen on behalf of

6   the city.  If I could get just some clarity here, it's my

7   understanding that there is actually a settlement already in

8   place between the county and plaintiff Martinez and plaintiff

9   Kelly.  That's the information that the city has been

10   provided, and it sounds like that's the information

11   Mr. Tinajero's counsel has been provided but it was unclear to

12   me what he said.  Ms. Huntsman can say if that's, in fact,

13   true, and so we would like some clarity whether or not there

14   is, in fact, a signed settlement with respect to plaintiffs

15   Martinez and Kelly.

16         THE COURT:  Well, let me ask.  Obviously we have --

17   I'm supervising discovery in cases that have been filed by

18   Martinez and Kelly against Rubinstein and Cook County.  Is

19   there any reason Cook County can't respond and tell us if

20   there is a settlement, whether signed or in principal or, you

21   know, to be approved between Cook County and defendant

22   Rubinstein -- sorry -- plaintiffs Martinez and Kelly?

23         MS. HUNTSMAN:  My understanding, Judge -- and again I

24   was not personally involved in any of these negotiations, but

25   it's my understanding that there is a settlement in principal,

1   and I do believe at this point there will be a signed

2   settlement agreement or that will be done shortly.

3         MS. PROSSNITZ:  And that's my understanding as well,

4   Your Honor.  I also wasn't personally involved in the

5   negotiations.

6         THE COURT:  All right.  Well, again, I would urge

7   Cook County to talk to Mr. Flaxman.  Maybe you can't settle,

8   but certainly I would hope you would have a conversation.  Let

9   me ask Cook County's counsel.  Is there any reason why you

10  can't at least have discussions with Mr. Flaxman about

11  possible settlement?

12        MS. HUNTSMAN:  I see no reason why we can't have

13  discussions, Judge.  I was just instructed that we are

14  analyzing multiple cases at this time for settlement.

15  Mr. Flaxman's case is under consideration, so the individuals

16  who will be handling the negotiations will reach out to him

17  when we've completed our analysis.

18        THE COURT:  Okay.

19        MR. FLAXMAN:  And, Judge, the reason we filed the

20  motion is because they're not doing that.  They're not

21  returning our calls.  They're not talking to us.  So I guess I

22  would ask the Court, if you're not going to order them to come

23  in for a settlement conference, to at least order a deadline

24  for a substantive response to what we've sent them.

25        THE COURT:  When did you send them your proposal?

1           MR. FLAXMAN:  The original proposal we sent them was

2    in May of this year.  We tried reaching out to them once we

3    learned about what's happening in the other cases starting on

4    September 27th.  So I'd perhaps say within seven days the

5    county should give us a substantive response, but something

6    reasonable to get this process going.

7           THE COURT:  Yes, I don't know what's going on and if

8    they're in -- you know, maybe they have some structured

9    process that they're trying to follow.  So without hearing

10   from them, I'll just indicate that by the next status hearing

11   I want to get an update on whether there have been discussions

12   and whether they have responded.  You know, the response could

13   be, you know:  We're still reviewing your case and the facts.

14          All right.  Let me ask on the plaintiffs' side, first

15   Martinez and Kelly's counsel, is there anything else you want

16   to raise before we set the next status hearing?

17          MS. PROSSNITZ:  No, Your Honor.

18          THE COURT:  And, Mr. Flaxman, anything beyond what

19   we've already talked about?

20          MR. FLAXMAN:  Nothing else.  Thank you.

21          THE COURT:  All right.  And counsel on the defense

22   side, I won't read all the names off.  Anyone have an issue

23   you want to raise before I set the next status, or you think

24   there's something I missed in the status report?

25          MS. ROSEN:  Judge, just a deadline for --

1          MR. CHRISTIE:  Judge --

2          MS. ROSEN:  Sorry.  Go ahead, Kyle.

3          THE COURT:  Well, I'm going to set the deadline.

4    Sorry.  Of course, I'm going to do that.

5          MR. CHRISTIE:  Then nothing from the defendant

6    officers, Your Honor.

7          THE COURT:  All right.  So turning to the discovery

8    deadline, defendants -- plaintiffs have suggested the date of

9    December 31 to finish all fact discovery.  That date is

10   realistic only if I focus solely on the discovery that

11   plaintiffs need to complete in that time frame.  I don't think

12   it's sufficient considering the totality of the discovery for

13   all parties, such as the number of witnesses, number of

14   non-party subpoenas, and likely the privilege and other

15   objections that will have to be briefed and the Court will

16   have to resolve.

17         The defendants have proposed May 31, 2024.  I think

18   that's two months longer than they previously proposed, but

19   I'm going to adopt the date of March 31, 2025.  Sorry.  I said

20   2024 a minute ago.  I'm going to adopt May -- sorry -- March

21   31, 2025, as the discovery deadline.

22         We'll continue to have monthly status hearings so we

23   can make sure things are moving along at a good pace.  Maybe

24   with Cook County out of the case, that will eliminate some

25   issues.  Probably not, but we'll see.  So I'll indicate that

1   date in today's order, and then the next status hearing will

2   be in 30 days.

3           Mr. White, can you give us that date for them to

4   check their calendars?

5           THE CLERK:  Yes, Judge.  Counsel, how is Tuesday,

6   Tuesday, November 12th at 9:30?

7           THE COURT:  No, let's go a little later because I

8   have another hearing.  Why don't we say 10:30.  Anyone have a

9   conflict?  If so, speak up.

10          MS. PROSSNITZ:  We have a deposition set in this case

11  on that date, Judge.

12          THE COURT:  Okay.  How about the 13th at 10:00 a.m.?

13          MS. PROSSNITZ:  That works for plaintiffs Kelly and

14  Martinez.

15          THE COURT:  All right.  I'm going to assume, unless

16  someone speaks up, that it works for everyone.  I'll also make

17  that a telephone hearing, but if there are issues to argue let

18  Mr. White know.  If anything gets filed and I know I want

19  argument, I'll turn that to a video or an in-person hearing,

20  but right now it will just be a telephone status.

21          All right.  Thank you, everyone.  Have a good day.

22          MS. ROSEN:  Thanks, Judge.

23          MS. PROSSNITZ:  Thank you.

24          MR. CHRISTIE:  Thank you, Your Honor.

25     (Proceedings concluded.)

1                          C E R T I F I C A T E

2              I, Patrick J. Mullen, do hereby certify the foregoing

3      is an accurate transcript produced from an audio recording of

4      the proceedings had in the above-entitled case before the

5      Honorable SHEILA M. FINNEGAN, one of the magistrate judges of

6      said court, at Chicago, Illinois, on October 10th, 2024.

7

8                                    */s/ Patrick J. Mullen*
                                     Official Court Reporter
9                                    United States District Court
                                     Northern District of Illinois
10                                   Eastern Division

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25