IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS KELLY, | ) | |
| | ) | No. 24-cv-5354 |
| Plaintiff, | ) | |
| | ) | Hon. Georgia N. Alexakis, |
| v. | ) | District Judge |
| | ) | |
| REYNALDO GUEVARA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION FOR FINDING OF GOOD FAITH SETTLEMENT

Plaintiff THOMAS KELLY (the "Plaintiffs"), and Defendants JAKE RUBINSTEIN and COOK COUNTY (the "County Defendants") (collectively, the "Settling Parties"), by their undersigned attorneys, respectfully submit the following joint motion for a finding that the settlement reached between them is in good faith. In support, the Settling Parties state:

1. On June 26, 2024, Plaintiff filed suit against the County Defendants and others. No. 24-cv-5354, Dkt. 1. Plaintiff alleged that the County Defendants violated his rights under the Fifth and Fourteenth Amendments by extracting a coerced and false confession, maliciously prosecuted him without probable cause in violation of federal and state law, failed to intervene to protect the violations of Plaintiff's rights, intentionally inflicted emotional distress, and engaged in willful and wanton conduct. *Id.*

2. Plaintiff and the County Defendants have entered into an agreement to settle all claims against the County Defendants pursuant to the terms of the Settlement Agreement attached to this motion as Exhibit A. The settlement provides for a $3,100,000 payment, with $3,000,000 of that payment allocated to Plaintiff's injury of pretrial incarceration resulting from his Fourth Amendment malicious prosecution claim, and $100,000 to attorneys' fees and costs

incurred by Plaintiff and his attorneys in litigation of claims against the County Defendants. See Exhibit A ¶¶ 4.1, 4.3.

3. The Settling Parties seek an order from this Court finding that the Settlement Agreement was made in good faith. This Court has the authority to make such a finding under federal common law and Illinois law because issues of setoff and contribution may be affected by the Settlement Agreement. *Fox v. Barnes*, 2013 WL 2111816, at *6-9 (N.D. Ill. May 15, 2013).

4. Under Illinois law, the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/2 (the "Act"), provides that a finding of good faith resolves issues of setoff and contribution by releasing a settling defendant from liability for contribution to remaining defendants. See 740 ILCS 100/2(d). "The 'good faith' of a settlement is the only limitation which the Act places on the right to settle, and it is the good-faith nature of the settlement that extinguishes the contribution liability of the settling tortfeasor." *Johnson v. United Airlines*, 784 N.E.2d 812, 818 (Ill. 2003). The policy of the act is to encourage settlements and the equitable apportionment of damages among tortfeasors. *Bulson v. Helmold*, 2018 WL 5729752, at *2 (N.D. Ill. Nov. 2, 2018).

5. "When a trial court is notified that a settlement has been reached and is asked to determine the good faith nature of the settlement, the court 'should rule on the good faith of the settlement as soon as practicable, apart from and in advance of any trial on the tort issues.'" *Sachs v. Reef Aquaria Design, Inc.*, No. 06 C 1119, 2008 WL 780633, at *3 (N.D. Ill. Mar. 20, 2008) (quoting *Johnson*, 784 N.E.2d at 818). The Settling Parties bear the initial burden of making a preliminary showing of good faith, after which any challenging parties must prove the absence of good faith by a preponderance of the evidence. *Id.*

6.      As another court in this District has explained:

> To evaluate whether a settlement was made in good faith, a court may consider: (1) "whether the amount paid by the settling tortfeasor was within a reasonable range of the settlor's fair share;" (2) "whether there was a close personal relationship between the settling parties;" (3) "whether the plaintiff sued the settlor;" and (4) "whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement." *Wreglesworth v. Arctco, Inc.*, 740 N.E.2d 444, 449 (Ill. App. Ct. 2000) (quotations and citations omitted). "No single factor is seen as determinative." *Id.* Illinois courts consistently hold that it is unnecessary for a trial court to conduct separate evidentiary hearings, decide the merits of the tort case, or rule on the relative liabilities of the parties before making a good faith determination. *See Johnson*, 784 N.E.2d at 824; *Smith v. Texaco, Inc.*, 597 N.E.2d 750, 755 (Ill. App. Ct. 1992); *Ruffino v. Hinze*, 537 N.E.2d 871, 874 (Ill. App. Ct. 1989).

*Sachs*, 2008 WL 780633, at *3 (some citations omitted). To satisfy the burden of making a preliminary showing of good faith, the Settling Parties must show the existence of a legally valid settlement agreement, and settlements involving the exchange of consideration have been held to be *prima facie* valid and, therefore, were presumed to be in good faith. *Id.* at *3-4 (citing *Johnson*, 784 N.E.2d. at 819).

7.      In this case, each factor set out above demonstrates that the Settlement Agreement was made by the Settling Parties in good faith. The Settlement Agreement is supported by adequate and reasonable consideration, given the litigation risks to both sides, the available damages, and the attorneys' fees and costs on both sides. See Exhibit A ¶ 4.1 (total settlement of $3.1 million). Accordingly, the Settlement Agreement is *prima facie* valid and should be presumed to be in good faith. Moreover, the allocation of the total monies to various of Plaintiffs' injuries is reasonable in light of applicable Seventh Circuit law. Compare Exhibit A ¶ 4.3 (describing the allocation of monies paid in the settlement between Plaintiff's injury of pretrial incarceration resulting from his Fourth Amendment malicious prosecution claim, and attorneys' fees and costs incurred by Plaintiff and his attorneys in litigation of claims against the

County Defendants), with *Fox v. Hayes*, 600 F.3d 819, 845-46 (7th Cir. 2010) (discussing appropriate awards in these categories). In addition, there is no personal relationship between the Settling Parties, and each has been represented by separate counsel throughout this litigation, who conducted settlement negotiations at arms-length. See also Exhibit A ¶¶ 10-11. Finally, neither Plaintiffs nor the County Defendants have concealed the terms or circumstances of their Settlement Agreement, which is demonstrated by the fact that the agreement is attached to this motion as Exhibit A, and it makes clear it is the entire agreement between the parties. *Id.* at ¶ 11.

8. In sum, the Settlement Agreement has been made in good faith and reflects a measured understanding of the risks to the Settling Parties of proceeding with the litigation versus engaging in a pretrial settlement. The Settlement Parties have met their burden of establishing that the Settlement Agreement was made in good faith.

9. Though Plaintiffs' claims against the County Defendants will be dismissed with prejudice upon the Court's finding of good faith, this matter shall continue and proceed against all remaining City Defendants.

10. When this motion was first filed, the settling Parties regret that they neglected to include the non-settling City Defendants' position. The City Defendants oppose the motion and ask for the opportunity to respond.

WHEREFORE, for these reasons, Plaintiffs and the County Defendants respectfully request that the Court enter an Order: Finding that the Settlement Agreement attached as Exhibit A was made in good faith and is fair and reasonable; and retaining jurisdiction to enforce the Settlement Agreement.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| /s/ Steve Art | Lyle K. Henretty |
| Counsel for Plaintiff | Counsel for County Defendants |
| | |
| Jon Loevy | Jessica Scheller |
| Anand Swaminathan | Civil Actions Bureau |
| Steven Art | Cook County State's Attorney's Office |
| Loevy & Loevy | 500 Richard J. Daley Center |
| 311 N. Aberdeen St. | Chicago, IL 60602 |
| Chicago, Illinois 60607 | (312) 603-3116 |
| (312) 243-5900 | lyle.henretty@cookcountysao.org |
| steve@loevy.com | |